UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-CV-22276-EGT

HANAN ALOMRAN,

   Plaintiff,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, *et al.*,

   Defendants.

_____/

**ORDER DENYING PLAINTIFFS' MOTION TO DISQUALIFY COUNSEL**

This cause comes before the Court on Plaintiffs' Motion to Disqualify Counsel. [D.E. 27]. Defendants have responded to the Motion [D.E. 31], to which Plaintiffs have replied. [D.E. 36]. The Motion, therefore, is ripe for disposition. After careful review of the briefing and relevant authorities, and for the reasons set forth below, Plaintiffs' Motion is **DENIED**.

*I.   ANALYSIS*

The crux of Plaintiffs' Motion is that it is impermissible for Foley Lardner LLP (Defendants' counsel) to represent both Marriott Vacations Worldwide Corporation ("Marriott") and its current and former employees. To that end, Plaintiffs assert that the individual-employee defendants may be compelled to testify against the employer-Defendant, Marriott, and/or their interests may diverge.

In response, Defendants argue that, regularly, attorneys represent both an entity and its individual employees or former employees. And further, even if a

1

conflict existed, Defendants argue that Plaintiffs do not have standing to disqualify Defendants' counsel.

### A. *Whether a conflict exists*

Routinely, attorneys represent both an entity and its employees in the litigation. Indeed, such representation is explicitly authorized by the Florida Bar. R. Reg. Fla. Bar 4-1.3(e) ("A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders, or other constituents, subject to the provisions of rule 4-1.7."). Further, "[t]o properly disqualify counsel, a court 'must clearly identify a specific Rule of Professional Conduct which is applicable to the relevant jurisdiction and must conclude that the attorney violated that rule.'" *Vital Pharms., Inc. v. Alfieri*, 585 F. Supp. 3d 1347, 1350 (S.D. Fla. 2022) (quoting *Schlumberger Technologies, Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997)).

Here, there are no allegations to suggest that, in this instance, Foley Lardner LLP's representation of both Marriott and its former/current employees is anything but rudimentary. Plaintiffs' primary argument is that the employee-defendants may have to testify against the interests of their co-Defendant/employer, Marriott. But there is nothing in the record to suggest that such a conflict is abound or consequential. Rather, Plaintiffs rely solely on speculation and conjecture to argue that a conflict exists, and have therefore not carried their burden of proving that a conflict has arisen. *See In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003) ("The party moving to disqualify counsel bears the burden of proving the grounds for disqualification."). Thus, because Plaintiffs have not "clearly identif[ied] a specific

2

Rule of Professional Conduct which is applicable to the relevant jurisdiction," and provided support to "conclude that the attorney violated that rule," Plaintiffs' Motion is denied. *Id.*; *see also Freites C. v. Medina*, No. 25-CV-20465, 2025 WL 1378899, at *6 (S.D. Fla. May 13, 2025) (denying motion to disqualify counsel where the alleged conflict was in fact "nothing but speculation at this stage of the litigation," "[a]nd because accusations of unethical conduct are among the most serious allegations that can be made against a lawyer, speculation without evidence is not enough"); *see also Vital Pharms., Inc.*, 585 F. Supp. 3d at 1350 ("Disqualification of counsel should be resorted to sparingly and should be ordered only where there exists a reasonable possibility that the impropriety already has occurred.").

## B. *Whether Plaintiffs have standing*

As a separate basis for denial, even if a conflict did exist between Defendants, Plaintiffs could not seek disqualification of that counsel. "As a general proposition, a party does not have standing to seek disqualification where" there "is no privity of contract between the attorney and the party claiming a conflict of interest." *Freites C. v. Medina*, No. 25-CV-20465, 2025 WL 1378899, at *2 (S.D. Fla. May 13, 2025) (quoting *THI Holdings, LLC v. Shattuck*, 93 So. 3d 419, 424 (Fla. 2d DCA 2012)). Only "where a conflict 'is such as clearly to call in question the fair or efficient administration of justice, opposing counsel may properly raise the question.'" *State Farm Mut. Auto. Ins. Co. v. K.A.W.*, 575 So. 2d 630, 632 (Fla. 1991) (quoting R. Reg. Fla. Bar 4-1.7 cmt.).

Here, once again, we (1) do not have an apparent conflict, let alone (2) a conflict that is so clear and evident that the opposing party gains the right to seek disqualification. Nor do Plaintiffs have privity of contract with Defendants' counsel. Rather, we have sheer speculation from Plaintiffs that a conflict plagues Foley Lardner LLP's representation of Defendants. It is not made clear, however, why that conflict (even if it existed) would threaten the fairness of this litigation, at least at this stage. Accordingly, because Plaintiffs have not demonstrated that they have standing to disqualify Defendants' counsel, the Motion is denied on this separate basis. *See Freites C.*, 2025 WL 1378899, at *5 (internal citations omitted) ("Because there is no privity of contract between Sardi and Plaintiffs, they have standing to seek disqualification only if they can show a conflict that calls into question the fair administration of justice and allows them to stand in CLDD's shoes. They have not done so.").

## II.   CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Disqualify Defendants' Counsel [D.E. 27] is **DENIED**.

**DONE and ORDERED** in Chambers at Miami, Florida this 13th day of August, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge