UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-CV-22276-TORRES

HANAN ALOMRAN,

    Plaintiff,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, *et al.*,

    Defendants.

_____/

**ORDER ON MOTION TO DISMISS**

    This cause comes before the Court on Defendant, Marriott Vacations Worldwide Corporation's ("Marriott") Motion to Dismiss, or alternatively to compel arbitration of, the pro se Plaintiffs' Complaint. [D.E. 6]. Plaintiffs have filed a response [D.E. 11], to which Marriott has replied. [D.E. 15]. The Motion, therefore, is ripe for disposition. After careful review of the briefing and relevant authorities, and for the reasons set forth below, Marriott's Motion is **GRANTED**.[1]

---

[1] The Undersigned is the presiding consent Judge on this case, as no party timely requested reassignment. [D.E. 10].

## I. BACKGROUND[2]

This case arises out of Plaintiffs' purchase of a timeshare, which ostensibly has gone awry. The Complaint alleges that on July 21, 2022, Plaintiffs attended a Marriott sales presentation, facilitated by co-Defendants Jonathan Cabrera and James Martinez. Subsequently, Plaintiffs purchased Marriott "Trust Points," under the impression that Marriott would buy back the points if Plaintiffs desired, and executed an agreement with Marriott.

A week later, on July 27, 2022, Mr. Cabrera informed Plaintiff that there was an error in the paperwork, and asked Plaintiffs to return to the premises to re-sign. Plaintiffs complied, and signed that agreement.

On April 7, 2025, Plaintiffs contacted Marriott to invoke the buy-back program. In response, Plaintiffs were informed that their only option would be to sell the Trust Points on the open market, or to transfer title back to Marriott. After contacting Mr. Martinez, he informed Plaintiffs that the buy-back program does not exist, and the executive (presumably Mr. Cabrera) who told Plaintiffs that it did exist, was no longer with Marriott. The alleged misrepresentation of the buy-back program, argues Plaintiffs, constitutes a systemic direction from management to fraudulently induce timeshare agreements.

Consequently, on May 19, 2025, Plaintiffs filed this pro se Complaint. They allege claims of: (1) fraudulent inducement, (2) negligent misrepresentation, (3) promissory estoppel (or alternatively, breach of contract), (4) violations of the Florida

---

[2] The Court presents the facts as alleged in the Complaint, accepting all factual allegations as true.

Deceptive and Unfair Trade Practices Act ("FDUTPA"), and (5) unjust enrichment. Plaintiffs also seek to represent a class, pursuant to Federal Rule of Civil Procedure 23(a).

In the pending Motion, Marriott move to dismiss the Complaint in its entirety, or alternatively to compel arbitration, for several reasons, including: (1) lack of subject matter jurisdiction, (2) the presence of a binding arbitration clause, (3) improper venue, (4) that the Complaint is a shotgun pleading, and (5) failure to state a claim(s).

## II.   ANALYSIS

We will first assess Marriott's contention that the Court lacks subject matter jurisdiction. On that score, Marriott argues that Plaintiffs do not allege a squarely federal claim, nor does complete diversity exist. Plaintiffs only pleaded avenue for federal jurisdiction, Marriott argues, is their reference to the Class Action Fairness Act ("CAFA"). But because Plaintiffs are proceeding pro se, Plaintiffs waived the right to a class action in the parties' contract, and Plaintiffs otherwise fail to state a claim, Marriot argues that CAFA does not confer subject matter jurisdiction.

In response, Plaintiffs do not argue that they pleaded any federal claims, nor do they argue that they pleaded complete diversity. Rather, Plaintiffs argue that, notwithstanding their pro se status, CAFA confers subject matter jurisdiction.

### A. *CAFA Jurisdiction*

We agree with Marriott that, under CAFA, a pro se plaintiff cannot proceed as a class representative. "Courts have repeatedly held that a pro se plaintiff 'cannot be

3

an adequate class representative' or litigate on behalf of others." *Dorival v. Sec'y of DHS*, No. 19-10210-CV, 2020 WL 13548094, at *1 (S.D. Fla. Feb. 5, 2020), *report and recommendation adopted*, 2020 WL 13548095 (S.D. Fla. Feb. 24, 2020)). Here, that is precisely what Plaintiffs seek to do. In their pursuit, the pro se Plaintiffs do not demonstrate why this case should be distinct from the litany of cases in which a pro se plaintiff was barred from representing a class. *See, e.g., Bass v. Benton*, 408 F. App'x 298, 299 (11th Cir. 2011) ("Because Tacy [who was proceeding pro se] may not represent the plaintiffs in a class action suit, the district court properly dismissed Tacy's § 1983 complaint."); *Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014) ("Johnson filed this action pro se and does not appeal the district court's subsequent denial of his request for the appointment of counsel. As a pro se litigant, Johnson cannot bring an action on behalf of his fellow orthodox Muslim inmates."); *In re Taylor, Bean, & Whitaker Mortg. Corp.*, No. 3:09-BK-7047-JAF, 2011 WL 5245420, at *2 (Bankr. M.D. Fla. Oct. 24, 2011) (citing *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005)) ("As an initial matter, pro se litigants may not represent a class. … Plaintiffs will be permitted to file an amended complaint; however, they will only be permitted to bring claim(s) on behalf of themselves."); *Wall v. Sw. Airlines*, No. 6:21-CV-1008-PGB-DCI, 2021 WL 8201960, at *3 (M.D. Fla. Oct. 28, 2021) (striking complaint for lack of subject matter jurisdiction because the pro se plaintiffs sought to represent a class, and finding "that the prohibition against pro se litigants representing the interest of others applies before a court addresses certification"); *Davis v. Johnson*, No. 1:15-CV-4137-TWT-JKL, 2016 WL 3360568, at *2 (N.D. Ga.

Apr. 22, 2016), *report and recommendation adopted*, 2016 WL 3349343 (N.D. Ga. June 15, 2016)) ("In its motion to dismiss, the government argues that Davis, as a pro se non-lawyer, may not represent other individuals in a class action. Courts have not allowed pro se litigants to serve as class representative in class actions because they cannot fairly and adequately protect the interests of the class under Fed. R. Civ. P. 23(a)(4). Thus, to the extent that Davis was attempting to initiate a class action under Rule 23, he may not serve as a class representative for others.").

Plaintiffs do argue that, for purposes of this Motion to Dismiss, their lack of counsel is curable at a later stage. But in support, Plaintiffs cite to several fictional cases, presumably produced from an artificial intelligence search engine. Outside of this imaginary support, Plaintiffs provide no other authority for how CAFA confers subject matter jurisdiction despite Plaintiffs' pro se status. And we known of none. The Court's subject matter jurisdiction cannot be founded on speculation or good faith intentions. *See Taylor v. Appleton*, 30 F.3d 1365, 1366 (11th Cir. 1994) ("(A) court must first determine whether it has proper subject matter jurisdiction before addressing the substantive issues.").

Accordingly, Plaintiffs cannot proceed under CAFA without being represented by counsel, and therefore, CAFA does not confer subject matter jurisdiction in this case.

### B. *Federal Question Jurisdiction*

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only

when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Outside of the CAFA assertion, each of Plaintiffs' claims are brought under Florida law and do not raise a substantial question of federal law. Indeed, Plaintiffs' state law claims raise questions of fraud, negligence, breach of contract, unjust enrichment and FDUTPA, none of which (as pleaded) raise any questions of federal law.

Thus, there exists no federal question jurisdiction. *See Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1297–98 (11th Cir. 2004) ("We conclude that the district court improperly exercised subject matter jurisdiction over state-law claims that neither raised a substantial federal question nor were completely preempted by federal law.").

C. *Diversity Jurisdiction*

Nor does complete diversity exist. "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). As Marriott points out (in an uncontested manner), and as Plaintiffs allege in their own Complaint [D.E. 1 at ¶¶ 2, 3], Marriott's principal place of business is in Florida and Mr. Alyaqout is a citizen of Florida. Consequently, because Defendant-Marriott and Plaintiff-Alyaqout are residents of the same state (as pleaded), complete diversity is lacking under 28 U.S.C. § 1332. *See McConico v. Cochran Firm*, 581 F. App'x 838 (11th Cir. 2014) ("Diversity did not exist here. In his complaint, the plaintiff, McConico, alleged Alabama citizenship for himself and four of the named individual defendants. He also

alleged that the defendant-corporation, The Cochran Firm, had its principal place of business in, and is therefore a citizen of, Alabama. Due to the lack of complete diversity, the district court lacked subject matter jurisdiction. The district court did not err in dismissing the case.").

Accordingly, because we lack subject matter jurisdiction, Marriott's Motion to Dismiss is granted. Plaintiffs, however, have leave to amend their complaint. Within 14 days of this Order, Plaintiffs may (1) retain counsel prior to filing their Amended Complaint, if they wish to proceed under CAFA, and/or (2) plead a cognizable claim under federal law, if such a claim can be pleaded in good faith. Alternatively, Plaintiffs may wish to re-file their state law claims in Florida state court and forego any attempts at establishing a basis for federal jurisdiction.

### III.   CONCLUSION

For the reasons set forth above, Marriott's Motion [D.E. 6] is **GRANTED**. Plaintiffs' Complaint is dismissed without prejudice; an Amended Complaint must be filed within 14 days of this Order, unless Plaintiffs no longer seek federal jurisdiction.

**DONE and ORDERED** in Chambers at Miami, Florida this 18th day of August, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge